UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARIE BORNO,                                                                   No. 12-11039

                               Debtor(s).
_____/

Memorandum on Motion to Reconsider
_____

       On September 7, 2012, Chapter 13 debtor Marie Borno obtained an order from this court valuing at zero the junior lien of "Wells Fargo Bank National Association d/b/a Americas Servicing Company" in the real property at 6463 Jacaranda Street, Rohnert Park, California. At about the same time, Borno filed an objection to the secured claim filed by Wells Fargo, challenging the standing of Wells Fargo to file the claim.

       When a lien is valued at zero after a secured claim has been filed, it is common for the debtor to obtain an order by default treating the claim as unsecured. When Wells Fargo reviewed Borno's objection, it mistakenly thought Borno was seeking such an order and did not file opposition. On October 18, 2012, the court entered an order by default disallowing the claim in full.

       On November 1, 2012, Wells Fargo realized its mistake and moved the court for relief from the default pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, which makes Rule 60 of the Federal Rules of Civil Procedure applicable to bankruptcy cases.

       Borno's opposition does not point to any prejudice in the 14 days between the entry of the

1

default order and the motion for relief from it. Rather, she argues the merits of her attack on the claim. However, allowance of the claim is not at issue now, only whether Wells Fargo should have the opportunity to prove its claim. The motion should be granted if Wells Fargo's neglect was excusable, it has a meritorious defense, and there has been no prejudice to Borno.

The court finds the neglect excusable and understandable. As a result of the collapse of the housing market, debtors, secured creditors and the courts have been inundated with lien avoidance motions and associated claims objections. It is hardly surprising that a substantive objection to a claim should be mistaken as a routine procedural objection to treatment of the claim as secured.

The court finds that Wells Fargo has a meritorious defense. Its proof of claim sets forth the chain of ownership of the note and its standing. Borno's challenge seems to rest on the authority of a bank officer to sign documents, which is a question of fact.

There was only a 14-day delay between the time the default order was entered and the time Wells Fargo moved for relief from it. Borno suffered no prejudice as a result of this brief span of time aside from incurring some small legal fees in obtaining the default order.

For the foregoing reasons, the motion will be granted and the default order vacated provided that within 20 days after entry of an order Wells Fargo pays Borno's counsel the sum of $300.00. Counsel for Wells Fargo shall submit an appropriate form of order granting its motion with this condition.

Dated: December 18, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2