UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARIE CHANTAL BORNO,                                                          No. 12-11039

                        Debtor(s).
_____/

Memorandum on Objection to Claim
_____

     This is a "Chapter 20" case, Debtor Marie Borno having obtained a Chapter 7 discharge in 2011. In this Chapter 13 case, her motion to avoid the secured claim of America's Servicing Company was granted. HSBC Chargeoff, which alleges that it is entitled to enforce the note assigned to America's Servicing Company, has filed an unsecured claim. Borno objects, arguing that any unsecured claim was discharged by her prior Chapter 7 and that HSBC Chargeoff is not legally entitled to enforce the note.

     It is fairly well settled that in a "Chapter 20" case a secured creditor whose lien is avoided has an allowable unsecured claim notwithstanding the prior Chapter 7 discharge. See, e.g., *In re Dang*, 467 B.R. 227, 237-38 (Bkrtcy.M.D.Fla.2012), and cases cited therein, including *In re Eaton*, 2006 WL 6810924*6, (9th Cir. BAP 2006), in which the court held:

> We disagree with the bankruptcy court's conclusion that Appellant's potential unsecured claim had already been discharged in Appellees' chapter 7 case. This reasoning contravenes § 506(a) and the reach of Appellees' chapter 7 discharge.

1

1   Borno's standing argument is hardly compelling, as there are no competing claims based on her

2   note, which she admits to have given. However, the status of HSBC Chargeoff is not clear. According

3   to the creditor's counsel, the real party is "Wells Fargo Bank, N.A. D/B/A America's Servicing

4   Company As Servicer For HSBC Chargeoff." Wells Fargo has provided documents showing that

5   America's Servicing Company ("ASC") is servicer for HSBC Chargeoff, which is the claimant.

6   Had the claim been filed in the name of ASC there would be nothing to decide, as Borno

7   scheduled the claim as belonging to ASC and did not denote it was disputed so she is estopped from

8   objecting to ASC's standing. However, the claimant is HSBC Chargeoff, not ASC.

9   The court is unable to sift through all of the documents filed by Wells Fargo and summarily find

10  that HSBC owns the note. Many of the documents filed by Wells Fargo relate to the deed of trust,

11  which is no longer at issue since the lien has been avoided. The court needs a simple history of the

12  note, its endorsements and transfers, showing that HSBC is now the lawful owner of the note.

13  The court invites Well Fargo to file a simplified motion for summary judgment showing the

14  history of the note and establishing that HSBC is now its owner. Reference to the deed of trust is to be

15  avoided. Only the relevant portions of lengthy documents are to be provided in support of the motion.

16  If the motion establishes that HSBC is lawfully entitled to enforce the note, and if Borno cannot

17  establish a triable issue of fact, the court will grant the motion and summarily allow the claim. If the

18  court cannot decide the matter summarily, it will set it for trial.

19  To summarize, Borno's argument that there can be no unsecured claim because of her prior

20  Chapter 7 discharge will be overruled. The claim will be allowed if HSBC Chargeoff establishes,

21  either by summary judgment motion or at trial, that it is lawfully entitled to enforce Borno's note.

22

23  Dated: March 29, 2013

24

25  Alan Jaroslovsky
    U.S. Bankruptcy Judge

26